IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.:  21-cr-00647 |
| | : | |
| BENJAMEN SCOTT BURLEW, | : | |
| Defendant. | : | |

**MOTION AND INCORPORATION MEMORANDUM IN SUPPORT FOR
EVALUATION PURSUANT TO TITLE 18 U.S.C. 4142**

Comes now the defendant, BENJAMEN SCOTT BURLEW, by and through counsel and moves this Honorable Court to enter an Order pursuant to Title 18 U.S.C. 4142 for a mental health evaluation of the defendant to determine (1) competency and (2) insanity at the time of the offense. In support of which, counsel states the following:

**I.      Background**

Mr. Benjamin Burlew stands indicted on numerous federal charges related the January 6, 2021 protest at the United States Capital.  If convicted, Mr. Burlew faces felony convictions and a substantial likelihood of a lengthy prison sentence.  A jury trial is set to begin on October 24, 2022.

Mr. Burlew is a military veteran.  He served as a Ranger in the United States Army.  Upon information and belief, during his time in the military Mr. Burlew was deployed on seven combat missions between 1998-2001 and 2001-2009.  His deployments included service in Iraq during Operation Desert Storm.  During his time of active duty Mr. Burlew suffered a traumatic brain injury.

Mr. Burlew is currently on disability.  Upon information and belief, in December 2020 he was diagnosed with post-traumatic stress disorder.  This diagnosis was approximately 1 month before the events of January 6, 2021.  According to the defendant's wife, Mr. Burlew sought treatment due to "mental health" challenges he was experiencing at the time.  These issues included irrational

thoughts, and anxiety.  Reportedly, Mr. Burlew was having difficulties controlling his impulse control.

Since the events of January 6, 2021, Mr. Burlew has remained on disability due to his mental health.  Reportedly, he remains isolated at home due to his condition.  According to his current mental health counselor, Shawn Alyea, he has been diagnosed with Generalized Anxiety Disorder.  She further opines that he meets the diagnostic requirements for Post-Traumatic Stress Disorder Unspecified.  He is currently under the care of Christian Practices of Oklahoma, LLC.  He further is receiving treatment at the local Veterans Affairs Hospital.  It is unclear exactly what treatment he is receiving.  Undersigned counsel has requested copies of Mr. Burlew's mental health records.  At the time of this writing the records have been received.

Counsel has been in regular contact with Mr. Burlew since becoming counsel of record in this matter.  Based on these contacts counsel avers Mr. Burlew has increasing displayed signs of being mentally disconnected.  At times he demonstrates a lack of understanding for the gravity of his legal circumstances.  His comments concerning his activities on January 6, 2021, give counsel further concern about Mr. Burlew's current mental state as well as his mental state at the time of the charged conduct.

On or about August 30, 2022, undersigned counsel became aware that Mr. Burlew's disability status was "upgraded" due to his deteriorating mental health condition.

## II. Legal Predicate

18 U.S.C. 4142 (a) read in relevant part:

At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him

mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

In order to find a defendant competent, a court must find by a preponderance of evidence that he or she has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and that he has a rational understanding of the proceedings against him. *Dusky v. United States,* 362 U.S. 402 (1960).  A motion under 18 U.S.C. 4241 must establish reasonable cause to believe the defendant presently may be suffering from mental disease or defect rendering him incompetent.  If the motion establishes reasonable cause, the court "shall grant the motion" and may order an initial competency evaluation.

### III. Argument

This Honorable Court should order a mental health evaluation of Mr. Burlew for both competency and insanity at the time of the offense.  Mr. Burlew's history of traumatic brain injury, and mental health diagnoses provide support for the granting of the motion.  Further, Mr. Burlew's diagnosis of post traumatic stress disorder less than 30 days prior to the events supporting the charges against him provides further concern about his sanity at the time of the offense.

The proffered basis for the granting of the instant motion is not merely predicated on Mr. Burlew's mental health history.  It is further supported by the observations of undersigned counsel. In order to exercise due diligence undersigned counsel has collected and reviewed documents relating to Mr. Burlew's mental health treatment, and extensively interviewed his wife.

### IV. Conclusion

Wherefore, the defendant, BENJAMEN SCOTT BURLEW, prays that this Honorable Court grant his request for a competency and insanity and the time of the offense evaluation.

I ASK FOR THIS:

_____/s/_____
Robert L. Jenkins, Jr., Esq.
United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant BENJAMEN SCOTT BURLEW

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and accurate copy of the foregoing to be served upon all counsel of record via ECF on September 1, 2021.

_____/s/_____
Robert L. Jenkins, Jr., Esq.
United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant BENJAMEN SCOTT BURLEW