**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-cr-647 (RDM)** |
| | : | |
| **BENJAMEN BURLEW,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A COMPETENCY HEARING**

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Defendant Benjamen Burlew's motion for a hearing to determine Defendant's competency to stand trial on October 24, 2022. ECF No. 26. The United States does not oppose the request for a competency hearing; however, Defendant's motion conflates two distinct provisions of the Insanity Defense Reform Act. The United States files this response to clarify issues to be addressed at the September 8, 2022 status conference.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On June 25, 2021, Defendant was charged by criminal complaint for assaulting an Associated Press photographer on the grounds of the United States Capitol during the siege of the on January 6, 2021, and other misdemeanors. Defendant was arrested in Oklahoma on August 19, 2021 and was detained for a day before being released subject to bond conditions. On August 26, 2021, Magistrate Judge Meriweather issued an order setting Defendant's

conditions of release including the requirement that he obtain mental health services as directed by pretrial services. His defense counsel was appointed on August 26, 2021.

On October 27, 2021, a federal grand jury returned an eight-count indictment against Defendant (ECF No. 7). A superseding indictment was filed on March 23, 2022. (ECF No. 18). On March 25, 2022, the Court set the case for trial on October 24, 2022. On April 18, 2022, the Court issued a pretrial order, which—among other deadlines—set September 2, 2022 as the deadline for Defendant to make any expert disclosures pursuant to Rule 16(b)(1)(C). On September 1, 2022, Defendant requested an evaluation of competency to stand trial, and the Court scheduled a status hearing for September 8, 2022.

## ARGUMENT

### I. Applicable Authority

The mental competency of a defendant to stand trial is governed by 18 U.S.C. § 4241, a provision of the Insanity Defense Reform Act (IDRA) of 1984,[1] which provides that the defendant or the Government can file a motion for a hearing for the court to determine the mental competency of the defendant. *See* 18 U.S.C. § 4241(a). Under the statute, a court should order a evidentiary hearing, pursuant to § 4247(d), where there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

[1] Defendant's motion also references 18 U.S.C. § 4242, which is the provision of the IDRA that allows the ***Government*** to move the Court for an examination after a defendant has filed a notice under Rule 12.2(a) that the defendant intends to rely on the defense of insanity. Here, Defendant has not provided written notice under Rule 12.2(a) that he intends to rely on this affirmative defense. Accordingly, the Government has not filed a motion under § 4242(c).

As set forth under 18 U.S.C. § 4241(b), a court can order that a psychiatric or psychological examination of the defendant be conducted, and that a report be filed with the court. For non-detained defendants, an initial outpatient competency examination is often conducted to avoid the need for the defendant to be committed to a Bureau of Prisons (BOP) facility. To facilitate these initial competency examinations, the United States Attorney's Office holds a contract with the D.C. Department of Behavioral Health, Pretrial and Assessment Branch (DBH) so that psychological or psychiatric staff can assess defendants.

A court also has discretion under 18 U.S.C. § 4247(b) to order the accused committed to the custody of the Attorney General for purposes of examination. *See United States v. Weissberger*, 951 F.2d 392, 399 (D.C. Cir. 1991). Such a commitment may be for a reasonable period, not to exceed thirty days, subject to extension for an additional fifteen days on application of the director of the facility making the examination.

If after a competency hearing, a court finds by a preponderance of the evidence that the defendant is presently incompetent to stand trial, the court must commit the defendant to the custody of the Attorney General. 18 U.S.C. § 4241(d). The Attorney General must then place the defendant in a suitable facility for treatment for a reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future, the defendant will attain the capacity to permit the trial to proceed. If, after the initial period of the treatment, the court finds that there is a substantial probability that the defendant will attain the capacity to permit the trial to proceed within an additional reasonable period of time, the Attorney General shall continue to hospitalize the defendant for treatment for an additional reasonable period of time until the defendant regains competence or the pending charges are disposed of according to law. 18 U.S.C. § 4241(d)(2). When the director of the facility in

which the defendant is hospitalized determines that the defendant has recovered his or her competency to stand trial, the director must file a certificate to that effect with the clerk of the court that ordered the commitment. The court then will hold another competency hearing. If the court finds by a preponderance of the evidence that the defendant has recovered to the extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order the defendant's immediate discharge from the facility in which the defendant is hospitalized and set a date for trial. 18 U.S.C. § 4241(e).

## II. Defendant's Request for a Competency Hearing

Defendant's motion requesting a competency hearing states that Defendant's "comments concerning his activities on January 6, 2021" raise concerns about his mental state. ECF No. 26 at 2. The United States does not dispute that Defendant has made certain concerning statements. Following his arrest in August 2021, Defendant appeared for a television interview in which he described President Biden as a "satanic devil-worshipping pedophile"—a statement that appears to be derived from the QAnon theory, "the umbrella term for a set of internet conspiracy theories that allege, falsely, that the world is run by a cabal of Satan-worshiping pedophiles." *See* https://www.nytimes.com/article/what-is-qanon.html (*last visited Sept. 6, 2022*). Defendant has also reposted QAnon-related content to his Twitter account.

But such idiosyncratic beliefs are not by themselves evidence of mental incompetence. Much like the Sovereign Citizen movement, holding these beliefs does not mean that a defendant is not competent to stand trial. *Cf United States v. DiMartino*, 949 F.3d 67, 73 (2d Cir. 2020) ("agree[ing] with other circuits that have held political views derived from tax protester movements—however they appear to the uninitiated—are not, by themselves, sufficient evidence of mental incompetence."). Moreover, it is necessary to look at an individual's statements not

in isolation but in the context of the subculture to which they belong when assessing competence. *See, e.g., United States v. James*, 328 F.3d 953, 955-56 (7th Cir. 2003) ("One person with a fantastic view may be suspected of delusions; two people with the identical view are just oddballs.").

Other January 6 defendants have self-identified as adherents to QAnon, which another court in this district described as a "[p]urveyor of conspiracy theories." *U.S. v. Nicholas Languerand,* 21-cr-00353-JDB (Jan. 20, 2022 sentencing); *see also U.S. v. Douglas Jensen*, 21-cr-00006-TJK; *U.S. v. Antonio LaMotta,* 22-mj-00177-ZMF. But belief in this theory, does not necessarily mean that a defendant is incompetent to stand trial. Indeed, even the so-called "QAnon shaman" who entered the Capitol wielding a spear and wearing face paint and a fur hat with horns was found competent to stand trial. *U.S. v. Jacob Chansley*, 21-cr-00003-RCL (Sept. 3, 2021 Minute Order). Defendant's unconventional beliefs, without more, do not necessitate a determination of incompetence under 18 U.S.C. § 4241(b).

Defendant's motion also states that Defendant suffered a brain injury while on active duty with the military and he was diagnosed with post-traumatic stress disorder in December 2020. ECF No. 26 at 1. The motion further notes that Defendant has been on disability and isolated at home since the events of January 6, 2021 due to his mental health.

According to this timeline, Defendant was already suffering from purported mental defects (*e.g.*, the traumatic brain injury and PTSD) at the time of his arrest on August 19, 2021. Notably, a recorded jailhouse call between Defendant and his wife on August 19, 2021 suggest that Defendant fully understood the charges against him at the time of his arrest. Defendant's statements to his wife also reflect a cogent understanding of the nature of the legal proceedings and the roles played by the various participants. Moreover, Defendant appeared to fully

appreciate the importance of communicating and coordinating with counsel in connection with the proceedings.

The United States recognizes, however, that 18 U.S.C. § 4241(a) requires a determination of whether the Defendant is *presently* suffering from a mental disease or defect, and it is possible that his mental health has deteriorated since the time of his arrest. If the Court decides to order a psychological examination, as provided for under 18 U.S.C. § 4241(b), the United States respectfully proposes that the Court order that Defendant be examined remotely by a psychologist for the D.C. Department of Behavioral Health, Pretrial and Assessment Branch, for the purpose of conducting a preliminary assessment of the Defendant's competency to stand trial on October 24, 2022. Conducting the preliminary assessment remotely would obviate the need for Defendant to have to travel to D.C. for the assessment. *See, e.g.*, *U.S. v. Landon Copeland*, 1:21-cr-00570-APM (ECF No. 8). The Government has included a proposed order for the Court's consideration and for discussion at the September 8 status hearing.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

DATED: September 6, 2022 By: /s/ *Jason M. Crawford*

Jason M. Crawford
Trial Attorney, Detailee
DC Bar No. 1015493
175 N St. NE
Washington, D.C. 20002
(202) 598-1099
Jason.M.Crawford@usdoj.gov

Jennifer Leigh Blackwell
United States Attorney's Office
D.C. Bar No. 481097
601 D Street, N.W., 5th floor
Washington, D.C. 20005
Jennifer.blackwell3@usdoj.gov
(202) 803-1590