UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-647 (RDM) |
| : | |
| BENJAMEN BURLEW, : | |
| : | |
| Defendant. : | |

## JOINT STATUS REPORT

The parties respectfully submit the following joint status report in compliance with the Court's Minute Order of September 8, 2022.

## BACKGROUND

On September 1, 2022, defense counsel requested an evaluation of defendant Benjamin Burlew's competency to stand trial and an evaluation of defendant's sanity at the time of the offense. ECF No. 26. On September 6, 2022, the United States filed a response stating that the government did not oppose defendant's motion. The Court held a status conference on September 8, 2022 and scheduled a competency hearing for October 13, 2022. The Court ordered the parties to submit a joint status report by September 22, 2022 setting forth a proposed schedule in light of the pending evaluations.

## DISCUSSION

Since the September 8 status hearing, the parties have researched potential options in Oklahoma for a forensic screening of the defendant's competency to stand trial. It has come to the attention of the parties that there is currently a significant demand for competency evaluations in eastern Oklahoma due to the large volume of state cases that are being retried in federal court following the Supreme Court's 2020 ruling affecting tribal jurisdictions in *McGirt v. Oklahoma*. Having now conferred with several local evaluators, it appears that the earliest availability for an assessment will be in November.

1

The parties have also agreed to construe defendant's September 1, 2022 motion for an evaluation to determine defendant's sanity at the time of the offense as written notice under Rule 12.2(a) that the defendant presently intends to assert a defense of insanity at the time of the alleged defense.[1] Such notice allows the government to move the Court pursuant to 18 U.S.C. § 4242 for an examination of defendant's sanity at the time of the alleged offense. At a future date, defense counsel may separately seek CJA funds in order to retain a defense expert for a sanity evaluation.

Attached to this joint status report is a proposed order directing that defendant be examined Dr. Shawn Roberson, a licensed psychologist based in Oklahoma, for the purpose of a forensic screening of the defendant's competency, and that after such examination, a report be provided to this Court and the parties pursuant to 18 U.S.C. § 4247(c). If defendant is found to be competent, the proposed order further directs that defendant undergo an assessment by Dr. Roberson as to whether defendant suffered from any mental disease or defect affecting his sanity at the time of the offense pursuant to 18 U.S.C. § 4242. This sanity assessment is a distinct evaluation and will result in a separate report.

To complete the evaluations, Dr. Roberson will need access to defendant's medical records. To expedite this access, the parties have proposed a separate order directing that defendant's providers release his medical records to Dr. Roberson for the purpose of the evaluations.[2]

Lastly, given the time needed for the competency evaluation to be completed, the parties request that the Court vacate the October 13, 2022 competency hearing as well as the October 21, 2022 pretrial conference and the October 24, 2022 trial date. The parties propose setting November 14, 2022 as the deadline for the next joint status report. By that date, the parties anticipate that they will be prepared to reschedule the competency hearing because the competency

---

[1] As set forth in 12.2(e), defendant reserves the right to withdraw his intention to raise the insanity defense.
[2] Because the proposed order contains PII, the parties have attached a redacted version of the proposed order for the public record.

2

evaluation should be complete. If at that time, defendant is determined to be competent, the parties will be in a better position to determine when the sanity evaluation will be complete and when the case should be scheduled for trial.

                                              Respectfully submitted,

*Counsel for the United States*

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

DATED:   September 20, 2022   By:   /s/ *Jason M. Crawford*
                                                Jason M. Crawford
Trial Attorney, Detailee
DC Bar No. 1015493
175 N St. NE
Washington, D.C. 20002
(202) 598-1099
Jason.M.Crawford@usdoj.gov

Jennifer Leigh Blackwell
United States Attorney's Office
D.C. Bar No. 481097
601 D Street, N.W., 5th floor
Washington, D.C. 20005
Jennifer.blackwell3@usdoj.gov
(202) 803-1590

*Counsel for the Defendant*

/s/Robert Jenkins
Robert L. Jenkins, Jr., Attorney at Law
(703) 309-0899
RJenkins@BynumAndJenkinsLaw.com
1010 Cameron Street; Alexandria, VA 22314