UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No. 1:21-cr-647 |
| ) | |
| BURLEW ) | |
| ) | |

**DEFENDANT'S MOTION FOR RELEASE AND REQUEST FOR A HEARING**

Defendant Benjamen Burlew, by and through counsel, hereby moves for his release and a hearing on the motion and states as follows.

**INTRODUCTION**

Defendant Benjamen Burlew is a severely disabled veteran of the United States army being detained in the D.C. Jail under horrific conditions. He was arrested for his participation in the events of January 6, 2021 in August of 2021. He was released to his own recognizance with his wife and three minor children. There were no issues with violating any conditions of his release. On November 30, 2024, due to a medical emergency he failed to appear at a pretrial conference. His lawyer did not contact him and did not advise him on what to do. The Court did not contact him. Pretrial services did not contact him. He remained at home with his wife and children for several months. On May 8, 2024, the Government instructed him to appear for a hearing at a Federal Court in Tulsa, Oklahoma on May 13, 2024. He appeared voluntarily on the set time and date. There was no need to arrest him or for the Government to escort him.

At the hearing, the Government tried and failed to show that Mr. Burlew is a danger to the community. The Court did not find that Mr. Burlew is a flight risk. The Court merely found by the preponderance of the evidence that no conditions could assure that Mr. Burlew could reasonably be assured to appear as required. Respectfully, the Court erred. Mr. Burlew was taken

into custody and since then he has suffered immensely, as he chronicles in his declaration, attached as **Exhibit A.** No accommodations are made for his many disabilities. Attached as **Exhibit B** is the declaration of Wendy Olson, a nurse consultant who has reviewed Mr. Burlew's medical files and interviewed Mr. Burlew about his conditions of confinement.

The court in Oklahoma ruled incorrectly. Mr. Burlew can assure that he appears at court as required. The Court can order him into the custody of his wife Brandy Burlew, who he lived with without issue for over two years after his arrest. Her declaration is attached as **Exhibit C,** and she pledges to make all arrangements necessary to ensure that Mr. Burlew is escorted by another person when he travels to D.C. and the escort will notify the Court if there is another medical emergency.

## LEGAL STANDARD

After an initial determination of pre-trial detention, the Bail Reform Act provides that a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Under this statutory provision, the defendant otherwise subject to pretrial detention may be granted temporary release by showing the presence of two (2) factors: (1) that his temporary release is necessary for the preparation of his defense or another compelling reason; and, (2) that he could be released to the custody of the an "appropriate person." *United States v. Dhavale*, No. 19-mj-00092, 2020 U.S. Dist. LEXIS 69800, at *12-13 (D.D.C. Apr. 21, 2020).

**ARGUMENT**

Mr. Burlew is a wounded veteran who has experienced extreme psychological and physical torture for almost 80 days, with no end in sight. *See generally* **Exhibit A**. The jail has made no accommodations for his many disabilities that he has as a result of his heroic sacrifice on behalf of our Country. *See* **Exhibit B**. This objectively should meet the "compelling reason" standard of 18 U.S.C. § 3142(i). His wife is an "appropriate person" who can assure that he appears in Court as required. **Exhibit C.** He was never deemed a flight risk or a danger to the community. He was released to his own recognizance for over two years without issue. He never attempted to flee and he never posed a danger to anyone. He missed a single court appearance due to a medical emergency. He returned to his house and waited to be contacted but never was. There is no reason that the Government can show as to why Mr. Burlew should not be released to his home so he can prepare for sentencing or else trial, in the event that the Court grants his motion to revoke his plea deal.

Mr. Burlew respectfully requests that the Court consider and grant his motion and swiftly order him released so he does not have to endure another day of suffering. If the Court is inclined to deny this motion, Mr. Burlew respectfully requests an opportunity to first be heard before the Court so that he and others may testify to his disabilities and his conditions of confinement.

**CONCLUSION**

For the foregoing reasons, Mr. Burlew respectfully requests that the Court order his release to the custody of his wife, Brandy Bowen.

| | |
|---|---|
| Dated: July 31, 2024 | Respectfully submitted<br><br>/s/ Jonathan Gross<br>Jonathan Gross<br>2833 Smith Ave., Suite 331<br>Baltimore, MD 21209<br>(443) 813-0141<br>jonathansgross@gmail.com |

## **CERTIFICATE OF CONFERENCE**

I hereby certify that I met and conferred through email exchanges with the Government before filing this motion.

/s/ Jonathan Gross

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2024 the foregoing was served on all parties by CM/ECF.

/s/ Jonathan Gross