UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-647 (RDM) |
| | : | |
| BENJAMEN SCOTT BURLEW, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA**

Benjamen Scott Burlew has no valid challenge to the plea colloquy, nor has he offered any plausible claim of actual innocence. Rather, the record in this case demonstrates that Burlew has a history of "attempting to feign psychological problems, likely to manipulate or improve his legal situation." Exhibit 1, Psychological Report Regarding Competency (filed under seal). And one of Burlew's claims—that his former attorney refused to pursue an insanity defense—is patently false. Moreover, Burlew swore, under oath, that he freely, knowingly, and voluntarily agreed to enter the plea agreement in this case. His motion to withdraw his guilty plea should be denied.

**I.      Relevant Procedural History**

On June 25, 2021, Burlew was charged with two misdemeanors for assaulting a member of the news media at the U.S. Capitol on January 6, 2021. Burlew was arrested in the Northern District of Oklahoma and released on conditions. Subsequently, Burlew was charged by indictment with eight counts, including felony charges for civil disorder (Count One), in violation of 18 U.S.C. § 231(a)(3), and assaulting, resisting, or impeding certain officers (Count Two), in violation of 18 U.S.C. § 111(a)(1). *Superseding Indictment*, ECF No. 18. Burlew remained released pending

1

disposition of this matter. *Conditions of Release*, ECF No. 22.

In September 2022, Burlew (under prior counsel, Robert Jenkins) moved for a mental health evaluation to determine competency and "insanity at the time of the offense." *Motion for Competency Evaluation*, ECF No. 26. The Court ordered Burlew to be evaluated by Dr. Shawn Roberson, a licensed psychologist, to determine competency and sanity at the time of the offense. *Order*, ECF No. 30. After an evaluation that included a review Burlew's available military and treatment records, as well as a lengthy in-person examination, Dr. Roberson found that "objective psychological testing supported that [Burlew] is attempting to feign psychological problems, likely to manipulate or improve his legal situation." Exh. 1, at 16. Dr. Roberson noted that there was no independent data to support Burlew's claim of sustaining a traumatic brain injury or mental health diagnosis, and "strongly recommended that it should not be assumed any information from Mr. Burlew, or about Mr. Burlew, is accurate unless corroborated by *objective* data." *Id.* at 16 (emphasis in original). Dr. Roberson concluded that "Burlew can appreciate the nature of the charges against him and consult with his attorney to rationally assist in his defense, should he choose to do so." *Id.* at 16.

Dr. Roberson also concluded that "Burlew does not evidence any mental illness or cognitive deficits precluding his ability to appreciate the nature, quality, and wrongfulness of his actions." Exhibit 2, Psychological Report Regarding Sanity (filed under seal), at 19. In reaching his conclusion, Dr. Roberson noted that:

> Burlew's discharge from the military was for cocaine use, not for exhibiting any symptoms of PTSD, a brain injury, or some other mental health related condition. Mr. Burlew appears to be attempting to both claim he is innocent and suggest that severe "PTSD" affected him at the time of the alleged offenses. [Burlew] claims he is unable to be around "crowds" because of his mental health condition, which would seem contradicted by his choice to place himself in a large crowd during the

> alleged offense. Regardless, during the current clinical examination, Mr. Burlew displayed no signs of cognitive deficits or mental illness. He reportedly has a history of anger control problems, which he demonstrated during this evaluation, and may be the product of personality disorder traits.

Exh. 2, at 18. At the time of evaluation, Burlew was "adamant he will not enter a plea of not guilty by reason of insanity." *Id.* at 19. The Court held a competency hearing in December 2022, and the Court treated Burlew's Motion for Competency Evaluation as withdrawn. *Minute Entry dated December 19, 2022.*

In March 2023, the Pretrial Services Agency filed a status report informing the Court that Burlew had been charged with a new misdemeanor offense for making a harassing and threatening electronic communication to his ex-wife on March 3, 2023. *Status Report*, ECF No. 36, at 3. In addition, Burlew's ex-wife obtained an emergency *ex parte* order of protection against Burlew. *Id.* The status report also noted that the supervising probation officer was not conducting home visits for "officer safety reasons." *Id.* at 3.

Trial was scheduled for the week of December 11, 2023. *Minute Order dated October 27, 2023*. On November 7, 2023, the parties filed a joint status report, indicating that Burlew had stated, through counsel, that he would plead guilty pursuant to a plea agreement. On November 7, 2023, the Court ordered the parties to appear for a plea hearing on November 30, 2023.

On or about November 28, 2023, Burlew, through counsel, indicated that he did not intend to proceed with the plea hearing and that he intended to proceed to trial. On November 28, 2023, the Court issued a minute order converting the plea hearing, originally scheduled for November 30, 2023, to a pre-trial hearing.

Burlew did not appear at the 9:00 am hearing on November 30, 2023. Defense counsel advised the Court that he had informed Burlew of the hearing date but did not know where Burlew

3

was. The Court reset the pretrial conference for December 8, 2023, and specifically ordered Burlew to appear at the hearing. *Minute Entry dated November 30, 2023*.

On the afternoon of November 30, 2023, defense counsel represented to the government that defense counsel had communicated with Burlew's wife by phone that afternoon. Defense counsel represented that Burlew's wife stated that Burlew had left Oklahoma in sufficient time to appear in Court on November 30, 2023, but that he did not have a phone and he had not been in communication since he departed their residence in Oklahoma. The government sought an ex parte, under seal bench warrant based on Burlew's failure to appear. Burlew did not appear at the December 8, 2023, hearing. The Court issued a bench warrant for Burlew's arrest on December 1, 2023.

Following discussions with law enforcement agents in May 2024, Burlew self-surrendered on May 21, 2024. The Court in the Northern District of Oklahoma held a detention hearing upon Burlew's arrest. Following the contested hearing, the court found that no condition or combination of conditions would reasonably assure Burlew's appearance as required. Burlew was detained and transported to Washington, D.C.

On May 30, 2024, Burlew appeared before the Court and pled guilty to one count of assaulting, impeding, resisting, or impeding certain officers in violation of 18 U.S.C. § 111(a)(1). Before pleading guilty, Burlew swore to truthfully answer the Court's questions. The Court asked Burlew whether Burlew's PTSD, social anxiety "or any other condition that you may be suffering from in any way affect your ability to make a knowing, voluntary and informed decision about whether to enter a plea of guilty or not." Transcript, 8:5-23. Burlew responded, "No, Your Honor." *Id.* Burlew told the Court that he carefully reviewed the plea agreement and carefully discussed it

with his lawyer before signing it. Transcript, 18:3-18. Burlew said that he was "absolutely" satisfied with his lawyer. Transcript, 9:15-16. The Court also asked whether "anyone made any promise…in connection with [the] plea other than what is in the plea agreement itself or what" the Court discussed at the hearing. Transcript, 25:19-22. Burlew responded, "No, Your Honor." *Id.* After a lengthy colloquy with the Court, Burlew voluntarily pled guilty. Transcript, 26:4-20.

On July 31, 2024, two months after pleading guilty, Burlew filed the instant motion to withdraw his guilty plea. Contrary to what Burlew said under oath, he now claims that his former attorney had, in fact, made promises other than those contained in the plea agreement, and claims that he was not, in fact, satisfied with his attorney. He also claims that his attorney refused to pursue an insanity defense.

## II.     Relevant Legal Standard

"After the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea," he should not be allowed "to withdraw [his] guilty plea simply on a lark." *United States v. Hyde*, 520 U.S. 670, 676 (1997); *see also United States v. Robinson*, 587 F.3d 1122, 1133 (D.C. Cir. 2009). Thus, a defendant does not have an absolute right to withdraw a guilty plea. See *United States v. Holland*, 117 F.3d 589, 593 (D.C. Cir. 1997). If withdrawal were automatic in every case where the defendant merely wishes "to alter [his] tactics and present [his] theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim." *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975). A guilty plea is no such trifle, however, but "a grave and solemn act" which is "accepted only with care and

discernment." *United States v. Basu,* 531 F. Supp. 2d 48, 54 (D.D.C 2008), quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *see also Barker*, 514 F.2d at 221.

Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw his guilty plea before a sentence is imposed if he shows a "fair and just reason" for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *Hyde*, 520 U.S. at 671; *United States v. Jones*, 472 F.3d 905, 907 (D.C. Cir. 2007). "Although presentence withdrawal motions should be 'liberally granted,' they are 'not granted as a matter of right.'" *United States v. Ahn,* 231 F.3d 26, 30 (D.C. Cir. 2000) (quoting *United States v. Ford*, 993 F.2d 249, 251 (D.C. Cir. 1993); *United States v. Loughery*, 908 F.2d 1014, 1017 (D.C. Cir. 1990). The decision to grant a withdrawal is within the court's discretion. *See United States v. Tolson*, 372 F.Supp.2d 1, 8 (D.D.C. 2005), *aff'd*, 264 Fed. App'x 2 (D.C. Cir. 2008).

Typically, courts look at several factors in deciding whether to grant a motion to withdraw a plea, including: (1) whether the guilty plea was somehow tainted, (2) whether the defendant has asserted a viable claim of innocence, and (3) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case. *See United States v. Robinson*, 587 F.3d 1122, 1127 (D.C. Cir. 2009); *United States v. West*, 392 F.3d 450, 455 (D.C. Cir. 2004). The taint "factor is the most important of the three and usually requires a showing that the taking of the plea did not conform to the requirements of Federal Rule of Criminal Procedure 11." *United States v. Coleman*, No. 21-cr-210 (RDM), 2023 WL 7173873, at *4 (D.D.C. Nov. 1, 2023). A defendant who fails to show an error under Rule 11 "has to shoulder an extremely heavy burden if he is ultimately to prevail." *Id.*

6

One way in which a plea may be "tainted" is if a defendant received ineffective assistance of counsel when deciding to plead guilty. *United States v. Raymond*, 640 F. Supp. 3d 9, 21 (D.D.C. 2022). The defendant bears the burden of demonstrating that his attorney's performance failed to conform to an objective standard of reasonableness and that there is a reasonable probability that, but for the attorney's errors, the defendant would not have pleaded guilty and would have insisted upon going to trial. *Id.* But even when a defendant challenges a guilty plea based on ineffective assistance, "the representations of the defendant at the plea hearing as to the adequacy of counsel and the knowing and voluntary nature of his plea may constitute a formidable barrier to his later refutations." *United States v. Taylor*, 139 F.3d 924 (933) (D.C. Cir. 1989) (cleaned up) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, a court may summarily deny such a motion if the court "concludes that the defendant has not alleged any cognizable claim for relief, or that the defendant's conclusory allegations are unsupported by specifics, or that the defendant's allegations in the face of the record are wholly incredible." *Id.*

Whether the movant has asserted his legal innocence is also an important factor. *Barker*, 514 F.2d at 220. But the defendant "must do more than make a general denial in order to put the Government to its proof; he must affirmatively advance an objectively reasonable argument that he is innocent." *United States v. Cray*, 47 F.3d 1203, 1209 (D.C. Cir. 1995).

### III. ARGUMENT

#### A. There Is No Taint, Coercion, or Defect with the Plea.

Burlew does not allege that his plea did not conform to the requirements of Rule 11. Rather, he claims that, "in retrospect," he feels "coerced into the plea agreement." *Burlew Affidavit*, ECF no. 62-1, ¶28. Specifically, Burlew claims that his guilty plea was tainted because he was under "excruciating pain and psychological trauma" from his detention conditions, and his attorney promised him the "torture would only stop if" Burlew pled guilty. *Motion*, at 1, 8.

The plea colloquy reveals the opposite. The Court asked Burlew if his PTSD, social anxiety "or any other condition that you may be suffering from in any way affect your ability to make a knowing, voluntary and informed decision about whether to enter a plea of guilty or not?" to which Burlew replied, "No, Your Honor." Transcript, 8:5-23. The Court also asked whether "anyone made any promise…in connection with [the] plea other than what is in the plea agreement itself or what" the Court discussed at the hearing, to which Burlew responded, "No, Your Honor." Transcript, 25:19-22. Burlew provides no support for his bare allegations that he was coerced, and what he said while under oath establishes that no such coercion took place.

Moreover, Burlew's sworn statements at the change of plea hearing establish that, at the time, Burlew was satisfied with his attorney. Burlew told the Court that he carefully reviewed the plea agreement and carefully discussed it with his lawyer before signing it. Transcript, 18:3-18. Burlew said that he was "absolutely" satisfied with his lawyer. Transcript, 9:15-16. Burlew's "declarations concerning the performance of defendant's counsel were made in open court under oath and thus carry a strong presumption of verity." *United States v. Sibblies*, 562 F. Supp. 2d 1, 6 (D.C. Cir. 2008).

8

Burlew makes a variety of other claims, alleging that former counsel:

- refused to request that the November 30 hearing be held remotely;

- did not try to locate Burlew after Burlew failed to appear at two hearings, and did not contact Burlew or advise him of the consequences of Burlew's failure to appear;

- told Burlew that the Court would not grant Burlew bond after Burlew's failure to appear and that the Court was "pissed off";

- implied that the only way Burlew could get out of jail would be to plead guilty;

- told Burlew that Burlew's wife had reviewed and approved the plea agreement before Burlew signed it; and

- did not sufficiently advise Burlew of discovery provided by the Government.

Burlew's new claims are not credible. Dr. Roberson noted that Burlew was dishonest during parts of his competency evaluation, including about Burlew's military service, his drug use history, his employment, and his health history. Exh. 2, at 11; *see also, id.* at 17-18 ("[H]is records clearly demonstrated that Benjamen was dishonest with treatment providers at times, just as the data from the current evaluation indicated that he was not forthright."). Dr. Roberson specifically found that "psychological testing strongly supported that Mr. Burlew was malingering mental illness." *Id.* at 12. Dr. Roberson "strongly recommended that it should not be assumed any information from Mr. Burlew, or about Mr. Burlew, is accurate unless corroborated by *objective* evidence." *Id.* at 18.

Here, there is no objective evidence to support Burlew's new claims. Indeed, as discussed in more detail below, his claims that his attorney refused to pursue an insanity defense are demonstrably false. The Court should likewise look skeptically at Burlew's other claims, particularly in light of Burlew's sworn statements during the change of plea hearing. Moreover, most of Burlew's allegations appear to be more consistent with professionally appropriate "unvarnished advice" rather than coercion. For example, the November 30, 2023, hearing was

9

initially scheduled as a change of plea hearing. Felony change of plea hearings must be in person—so it seems reasonable that his attorney would have informed Burlew that he had to appear at the hearing in person. Similarly, it seems reasonable that an attorney advising a client who failed to appear at two hearings in violation of an order setting conditions of release would advise that client that continued release on conditions was unlikely.

Burlew's affidavit and motion contain at least one obvious falsity, and a doctor who evaluated Burlew admonished against relying on Burlew's statements given his patterns of embellishment and dishonesty. Burlew's claims are not credible and weigh in favor of denying the motion to withdraw the guilty plea. If, however, the Court deems it necessary to hold an evidentiary hearing to evaluate Burlew's claims, the government has advised Burlew's former counsel of Burlew's motion and will advise him if his attendance is required at a hearing on this motion.

### B. Burlew Does Not Plausibly Allege Actual Innocence to Rebut the Charge to Which He Plead Guilty.

Burlew claims that he "insisted" that his prior counsel raise an insanity defense but that his attorney, "for reasons unknown, refused to do so." *Motion,* at 9. Similarly, in his affidavit, Burlew claims that he instructed his attorney "to raise my PTSD as a defense" and declares, under penalty of perjury, that his attorney "adamantly refused to do so." *Burlew Affidavit*, ECF no. 62-1, at ¶ 11. But these claims are demonstrably false. Burlew's initial attorney moved for an evaluation precisely to explore whether an insanity defense was viable. *Motion for Evaluation*, ECF No. 26. In support of the request, Burlew's attorney averred that, "[u]pon information and belief," approximately "1 month before the events of January 6, 2021," Burlew "was diagnosed with post-traumatic stress disorder." *Motion for Evaluation*, ECF No. 26, at 1; *see also, id.* at 3 ("Burlew's diagnosis of post traumatic stress disorder less than 30 days prior to the events supporting the

10

charges against him provides further concern about his sanity at the time of the offense.").

Moreover, though Burlew now claims he wants to present an insanity defense, back in 2022, Burlew was "adamant" that he would "not enter a plea of not guilty by reason of insanity." Exh. 2, at 19. After an evaluation, a doctor found that Burlew was able to appreciate the nature and wrongfulness of his acts, making an insanity defense unavailable to Burlew. *See, id.* Burlew cannot carry his burden of showing that he has an objectively reasonable claim of innocence.

## CONCLUSION

Burlew cannot establish that his plea entry was tainted, and his claim of actual innocence is directly contrary to the conclusion rendered by the Court-ordered expert. The Court should deny the motion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:   */s/ Anna Z. Krasinski*
ANNA Z. KRASINSKI
Assistant United States Attorney
New Hampshire Bar No. 276778
United States Attorney's Office
Detailed from the District of New Hampshire
(603) 451-7851
anna.krasinski@usdoj.gov

*/s/ Jennifer Leigh Blackwell*
Jennifer Leigh Blackwell
Assistant United States Attorney
D.C. Bar No. 481097
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 803-1590
Email: jennifer.blackwell3@usdoj.gov

11