UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | No.: 21-cr-647 (RDM) |
| BENJAMEN SCOTT BURLEW, | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION TO QUASH DEFENDANT'S PRE-TRIAL SUBPOENAS PURSUANT TO FED. R. CRIM PROC. 17(c)**

Defendant Benjamen Scott Burlew filed a motion to release and motion to vacate the plea agreement that the defendant entered on May 30, 2024. *ECF 61, 62*. The Court scheduled a hearing on these motions on August 15, 2024. The defendant has now issued multiple subpoenas to represented defendants incarcerated in D.C. and has noticed in his response to the government's opposition that he plans to call several witnesses to testify as to the defendant's medical conditions and character. These issues are irrelevant to either of these motions, and the subpoenas should be quashed.

The two issues at the hearing on August 15, 2024, are: (1) whether the defendant has met his burden to show that he should be released pending sentencing; and (2) whether the defendant has met his burden to withdraw from the plea agreement. The defendant's reply did not address either issue, but rather, focused on the conditions at the jail and the fact that counsel is continuing "to marshal all of his evidence for this briefing." *Reply to Gov. Oppo., ECF 67, at 4*. The defendant then names 19 witnesses who he plans to call to testify at the hearing, including the defendant, the defendant's wife, the defendant's pastor in Oklahoma, and multiple other detained (and

1

represented) defendants, to address the conditions at the jail. The defendant's list of witnesses does not include any witnesses whose testimony is relevant to the issues of whether the defendant may withdraw his plea, or whether the defendant should be released pending sentencing (or a trial, should his plea be vacated). The listed witnesses are irrelevant to either of those issues and constitute a needless expenditure of the Court's resources and time. Moreover, the named inmates have separate counsel and a Fifth Amendment right not to testify, and counsel has not taken any measures, other than notifying the general counsel of the D.C. Jail, to notify their attorneys nor arrange for their potential testimony. (The government has notified the inmates' individual attorneys and the United States Marshals Service.)

The government will have the Deputy General Counsel for the D.C. Jail, Andrew Mazzuchelli, present in the Courtroom should the Court have questions about the conditions at the D.C. Jail. The government also contacted the defendant's prior attorney, Robert Jenkins, regarding attending the hearing to address any questions the Court may have regarding the motion to withdraw the plea agreement. Although the conditions at the jail are not relevant to the motion to withdraw or motion to be released, the government understands that the Court may have questions about the conditions, and thus, is prepared to have Mr. Mazzucchelli address such questions if needed. Nevertheless, the Court would only need to question Mr. Mazzucchelli *if* the Court first determines that the defendant should continue to be detained. If so, then the Court may want to address whether or not the current facility is able to address the defendant's medical conditions. Based on the information obtained from the D.C. Jail, the defendant has only filed three grievances, which the jail has addressed. The defendant's counsel separately inquired about outdoor recreation time, which the general counsel also addressed. Further, defendant's counsel references an

inability to meet with his client because of "technical issues" at the jail – it should be noted that that day was the "Blue Screen of Death" ("BSOD") day which nationally impacted airlines, businesses, government facilities, and millions of users – and not just the D.C. Jail.

The Court "has an independent duty to review the propriety of a subpoena." *United States v. Binh Tang Vo*, 78 F. Supp. 3d 171, 176 (D.D.C. 2015) (*quoting United States v. Vasquez,* 258 F.R.D. 68, 72 (E.D.N.Y.2009)). It is the Court's duty to "make certain that the subpoena power is invoked legitimately and legally." *Id.* (*quoting United States v. Santiago–Lugo,* 904 F. Supp. 43, 45 (D.P.R.1995).

Rule 17 "governs the issuance of subpoenas in criminal cases," Charles Alan Wright, et al., *Federal Practice and Procedure,* § 271 (4th ed. 2014). Rule 17 is "not the tool of a party to use as desired." *Binh Tang Vo*, 78 F. Supp. 3d at 179-80 (quashing a government's subpoena to the D.C. Jail where the subpoena request exceeded the scope of Rule 17). Rather, parties are "bound to follow—and not exceed—its authorization of subpoena power." *Binh Tang Vo*, 78 F. Supp. 3d at 178. Under Rule 17(c), a district court may quash a subpoena "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c). The Supreme Court has interpreted Rule 17's "unreasonable or oppressive" standard to mean that a subpoena must request evidence that is relevant, admissible, and specific. *United States v. Nixon*, 418 U.S. 683, 700 (1974). Though the Supreme Court declined to decide whether the same standard applied to third-party subpoenas, other Circuits have applied the *Nixon* standard to subpoenas issued by a defendant. *See United States v. Henry*, 482 F.3d 27, 30 (1st Cir. 2007) (noting that under Rule 17, "the defense may use subpoenas before trial to secure admissible evidence but not as a general discovery device" and affirming district court's decision to quash a third-party subpoena); *United States v. Bergstei*, 788

3

F. App'x 742, 746 (2d Cir. 2019) (stating that the Second Circuit has "applied the *Nixon* standard to subpoena requested by a defendant."); *United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002) (applying *Nixon* standard to third-party subpoena); *United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013) (same); *United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018) (same). Moreover, courts in this district have applied the *Nixon* standard to third-party subpoenas. *United States v. Fitzsimons*, 342 F.R.D. 18, 20-22 (D.D.C. 2022); *United States v. Trump*, No. 2023 WL 8182952, at *1-2 (D.D.C. Nov. 27, 2023) (applying *Nixon* standard to defense request to serve seven third-party subpoenas).

The subpoenas to four individuals detained with the defendant—Mr. Dennison, Mr. Atwood, Mr. Oliveras, and Mr. Smith—fail all three prongs of the *Nixon* test. None can provide testimony or evidence regarding the defendant's motion to withdraw or his motion to release. Even if relevant to those two motions, these listed witnesses are not medical professionals who can comment on the defendant's medical history or provide a diagnosis, and none can opine on whether the defendant is receiving adequate medical treatment at the jail or the conditions of his confinement prior to joining the "J-6" pod. Moreover, the defendant's motion fails to explain, with any specificity, the testimony that each inmate is expected to offer. The subpoenas to these four individuals are both unreasonable and oppressive.

The hearing should focus on the issues raised in the defendant's motions – whether the defendant has met his burden of showing he should be allowed to withdraw from the plea agreement, and whether the defendant has met the burden to show he should be released pending sentencing (or a trial). The defendant's attempt to call multiple other witnesses to address issues unrelated to those two motions should not be permitted, and the subpoenas should be quashed.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:      *s/Jennifer Leigh Blackwell*
Jennifer Leigh Blackwell
Assistant United States Attorney
D.C. Bar No. 481097

  *s/Anna Krasinski*
Anna Krasinski
Assistant United States Attorney