## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cr-647 |
| | ) | |
| BURLEW | ) | |
| _____ | ) | |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION TO QUASH SUBPOENAS**

Defendant Benjamen Burlew hereby submits this Brief in Response to the Government's Motion to Quash Subpoenas.

The Government claims that the conditions of the Jail are not relevant to these two motions. That is wrong. The Motion to revoke the plea deal argues Mr. Burlew only entered the plea deal because he was thrown in Jail under torturous conditions. The Motion to release is because 18 U.S.C. § 3142(i) provides that release may be granted for "another compelling reason." The horrific conditions in the Jail are that compelling reason that demands immediate release.

Through its brief, the Government revealed that it intends to bring a witness, Andrew Mazzuchelli, to testify to the Court "about the conditions at the D.C. Jail." ECF 68, at 2. The Defendant intends to cross examine Mr. Mazzuchelli about the conditions of the DC Jail, including asking questions about the following video which is submitted now for the Court's review, marked for identification as Defendant's Exhibit 1. https://dc.granicus.com/MediaPlayer.php?view_id=44&clip_id=6919. The video is a recording of a public meeting when the Jail was the subject of discussion. The video will hopefully be downloaded to a harddrive so that it can be viewed at the hearing.

The rest of the witnesses and the subject of their testimony was set forth in the Defendant's Brief in Reply. It is set forth here again below. Benjamin Burlew and his wife Brandy Bowen will testify about the events as they have personal knowledge. Wendy Olson and Dr. Mark Gregg will testify about the Defendant's health.

The Government has falsely stated that the reason that the pretrial services officer did not visit was for "safety." This is demonstrably false and extremely prejudicial to Mr. Burlew, so it is only fair that he has the opportunity to provide evidence contradicting the false statement that the Government has put at issue. The Defendant notes that the Government has not indicated that they intend to call the pretrial service officer who made the false statement as a witness.

The Government has also put Mr. Burlew's religion at issue by implying that he is lying about his religious beliefs. Pastor Linn can provide testimony if the Government continues to make that an issue.

The DC Jail representative witnesses are all relevant. These may or may not be separate witnesses each testifying to different aspects of the Jail, or else Mr. Mazzuchelli may be able to speak to all of these issues. The Defendant has put the Jail on notice of all of the issues that it may be questioned on at the hearing. They are all set forth below.

The inmate witnesses are all to corroborate Mr. Burlew's testimony. In matters that concern inmates' allegations against Jails, the Jails usually are given a presumption of credibility that is hard to overcome and it therefore makes sense to bring several witnesses so that the Court can assess the consistency of multiple testimonies to determine credibility. Each of these witnesses has direct and personal knowledge of Mr. Burlew's conditions of confinement. Each witness stepped forward on their own and volunteered to testify for Mr. Burlew in this matter before the subpoenas were issued and before the Reply Brief was drafted. The Government's

concern for the constitutional rights of the inmates is obviously and transparently disingenuous. The Government's real concern is for multiple witnesses to testify about the horrific conditions at the DC Jail, especially as they relate to a completely disabled army veteran. Nevertheless, Undersigned counsel has been in contact with all of the attorneys for the inmate witnesses and has informed them that I intend to withdraw the subpoenas. If the witnesses choose to testify, it will be voluntarily and without subpoena and after consulting with their respective attorneys.

**Witnesses**

1. **Benjamen Burlew:** Mr. Burlew will testify under oath to his conditions of confinement from May 13, 2024 until the present, and any other matter that the Court deems necessary.

2. **Brandy Bowen:** Ms. Bowen is Mr. Burlew's wife and primary caregiver. She can testify to the events leading to this hearing and dispute the Government's account as she has been personally involved in managing Mr. Burlew's legal case. She will provide evidence that disputes the Government's account of Mr. Burlew's initial arrest, the *ex parte* order in Oklahoma, Mr. Burlew's pretrial release and compliance with conditions of release, the hearing in Oklahoma on May 13, 2024 and the events leading up to it, the conduct of Mr. Burlew's prior attorney, Mr. Burlew's disabilities and the accommodations that those disabilities require. Ms. Bowen will also testify to the circumstances related to Mr. Burlew's failure to appear at the pretrial conference, the communications with the attorney, the lack of communication from the court and pretrial services, and her ability to ensure that Mr. Burlew will appear as required in the future, including making any necessary travel arrangements, or else making sure that the Court is promptly

notified if there is an emergency. Ms. Bowen will appear at the hearing and testify in person.

3. **Wendy Olson:** Ms. Olson is an expert nurse consultant who will testify about her investigation and report. Ms. Olson asks if she can appear by zoom, but will travel from Alabama if necessary.

4. **A member of the Wyandotte tribe:** The Government states in its Opposition that "In March of 2023, Pretrial Services Agency filed a status report informing the Court that Burlew had been charged with a new misdemeanor offense for making a harassing and threatening electronic communication to his ex-wife on March 3, 2023. *Status Report,* ECF No. 36, at 3. In addition, Burlew's ex-wife obtained an emergency *ex parte* order of protection against Burlew. *Id.* The status report also noted that the supervising probation officer was not conducting home visits for 'officer safety reasons.'" This "Status Report" is not on the docket. Undersigned counsel can only guess that it was filed under seal. Neither the Government nor former counsel has ever provided this status report to undersigned counsel. Ms. Burlew will speak to the *ex parte* order and the probation officer's visits. However, it should also be brought to the Court's attention that the supervising probation officer's report is demonstrably false. The real reason that he did not make visits to the Defendant's home was because the Defendant lives on the Tribal Reservation of the Wyandotte Nation which is outside of the jurisdiction of the Federal Government and requires a tribal escort to come to the house. If he had called and asked, the Defendant could have and would have made the necessary arrangements. But the probation officer made no attempts to make such

arrangements either by contacting the Burlews or by contacting the Tribal Council. Ms. Bowen will testify to this, and if the Court finds it necessary, arrangements can be made to have someone from the Wyandotte Tribal Nation Council testify as well. The Defendant asks if this can be done by zoom. The Defendant notes that this testimony is extremely important because the pretrial service report, which Defendant had no knowledge about whatsoever until the Government filed its opposition, will certainly affect any sentencing that may occur down the road.

5. **Dr. Mark Gregg:** Dr. Gregg is a local health care practitioner who has treated Mr. Burlew since 2020 and who can be called to testify about Mr. Burlew's physical disabilities, specifically but not limited to the fracture in Mr. Burlew's back which causes him mobility issues and chronic pain. Dr. Gregg would prefer with the Court's permission to testify by zoom.

6. **Pastor Mark Linn:** Pastor Linn is the Pastor of Mr. Burlew's church and can answer any questions the Court has about Mr. Burlew's religious practices, which the Government has put at issue. He can also provide character testimony about Mr. Burlew as well as for Ms. Bowen, should the Court have any doubts about her ability to ensure Mr. Burlew's appearances at future court dates. Pastor Linn would prefer to appear by zoom.

7. **Tucker Weston:** Tucker was a prisoner in the CDF with Mr. Burlew and can affirm Mr. Burlew's account, including the leaky toilet and the rats and the other physical and psychological conditions. He has been transferred to a separate facility and will be hard to track down and even harder to appear at the hearing.

Undersigned counsel is making efforts to obtain a declaration with his testimony that hopefully will be ready for the hearing.

8. **Victor Dennison:** Victor is a prisoner currently in CTF and was in CDF at the relevant time period. He will be subpoenaed through the DC Jail's counsel.

9. **Joshua Atwood:** He is currently in the CDF and can testify to its current conditions. He will be subpoenaed through the DC Jail's counsel.

10. **Brian Smith:** He is currently in CTF. He is also a documented disabled veteran and can testify that no accommodations are made for his disabilities. He will be subpoenaed through the DC Jail's counsel.

11. **Michael Oliveras:** He is currently a prisoner in CTF and has been to the best of his abilities helping Mr. Burlew with his physical disabilities. He will be subpoenaed through the DC Jail's counsel.

12. A representative of the DC Jail to testify under oath about the CDF and CTF generally, including what is the purpose and nature of these two facilities, what is the difference, who goes where, who is in charge of each, how it is determined who is held in which, and the compliance with standards set forth by the Government. He or she will be subpoenaed through the DC Jail's counsel.

13. A representative of the DC Jail to testify under oath about the assessments of prisoner disabilities, ADA compliance, how accommodations for disabilities are decided and arranged for, and other processes for determining whether a prisoner can be accommodated by the Jail. He or she will be subpoenaed through the DC Jail's counsel.

**14.** A representative of the DC Jail to testify under oath about the conditions in CDF, including but not limited to the 23 hour lock downs during the week and the 72 hour lock downs during the weekends. He or she will be subpoenaed through the DC Jail's counsel.

**15.** A representative of the DC Jail to testify under oath regarding the maintenance records of the CDF to confirm the allegation about the leaky toilet. He or she will be subpoenaed through the DC Jail's counsel.

**16.** A representative of the DC Jail to testify under oath about the physical conditions of the jail, including but not limited to vermin and insect infestations, mold, and OSHA compliance. He or she will be subpoenaed through the DC Jail's counsel.

**17.** A representative of the DC Jail to testify under oath about the grievance procedure. Specifically but not limited to how grievance forms are made accessible in the CDF and the CTF, the process for receiving grievance forms, the process for evaluating grievance forms, the process for appealing decisions, and the time that it would take to have a grievance resolved. He or she will be subpoenaed through the DC Jail's counsel.

**18.** A representative of the DC Jail to testify under oath about the so-called "J6-Pod" that was reserved for January 6 defendants. Specifically but not limited to how and when this determination was made, why it was made, who made the decision, what factors and considerations led to the decision, and other questions related to any specific treatment for January 6 defendants. He or she will be subpoenaed through the DC Jail's counsel.

**19.** A representative of the DC Jail to testify under oath about how the religious needs of the prisoners are accommodated. He or she will be subpoenaed through the DC Jail's counsel.

Mr. Burlew does not want to bring all of these witnesses to a hearing this Thursday, but the Government has forced his hand. It is outrageous that the Government failed to include in its brief any information contradicting or even casting doubt on Mr. Burlew's allegations, and instead claims ignorance of the matter and informs the Court that a representative of the Jail - with an obvious motive to hide the truth - will provide the Court with information at the hearing, thereby depriving the Defendant of an opportunity to prepare a response to whatever the Jail representative will say. These circumstances leave the Defendant with no choice but to marshal witnesses and evidence to prepare for whatever the Jail representative testifies. It should be noted, that for all the Court, the Defendant, and the Government know, the Jail representative may confirm all of Mr. Burlew's allegations. It is inexcusable that the Government should be permitted to waste judicial resources by not simply conducting its own investigation of Mr. Burlew's allegations prior to filing its brief in opposition. The Court should not permit the Government to get away with this, and should instead grant Mr. Burlew's Motion for Release based on the Government's lack of meaningful opposition to the allegations in Mr. Burlew's declaration, and vacate the hearing.

Additionally, the Government has made numerous baseless allegations against Mr. Burlew that are unrelated to his motions. Due process demands that Mr. Burlew have an opportunity to set the record straight, and it is therefore necessary for Mr. Burlew to bring forth witnesses and evidence that address these allegations against him. However,

given the urgency of this situation, the Defendant's preference is for the Court to simply grant his motion for release on the papers so that he may return to his home and recuperate from his horrifying experience since May 13, 2024, to the present. Mr. Burlew would then reserve the right to contest these allegations at some point in the future after he has regained his health that was taken from him by the disgraceful treatment during his confinement.

Dated: August 13, 2024                                 Respectfully submitted

                                                       /s/ Jonathan Gross
                                                       Jonathan Gross
                                                       2833 Smith Ave., Suite 331
                                                       Baltimore, MD 21209
                                                       (443) 813-0141
                                                       jonathansgross@gmail.com

                                                       *Counsel for Defendant*
                                                       *Benjamen Burlew*

## CERTIFICATE OF SERVICE

The foregoing was served to all parties via ECF on August 13, 2024.

                                   /s/ Jonathan Gross