UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No. 1:21-cr-647 |
| ) | |
| BURLEW ) | |
| ) | |

**DEFENDANT'S SUPPLEMENT TO EMERGENCY MOTION FOR RELEASE AND REQUEST FOR AN EMERGENCY HEARING**

Defendant Benjamen Burlew, by and through counsel, hereby files this Supplement to his Emergency Motion for Release.

As was suspected, in the early morning of September 11, Benjamen Burlew was transferred. Now his family, his attorney, and the Court have no information as to his whereabouts or what conditions he is being confined in during his transfer. There is also no information available as to where he is headed or when he will arrive.

It should be obvious that his transfer in the dark of night on September 11 was in retaliation for bringing to light the conditions of confinement in the DC Jail. Notably, the transfer was at the hands of the United States Marshals.

When the United States Marshals began detaining January 6 defendants in the DC Jail pretrial, they failed to inspect the Jail to make sure that the Jail was suitable and that the Jail would not violate the civil and human rights of the detainees, many of whom were United States veterans with no criminal record and were legally innocent because they had not been convicted at trial. Had the Marshals made even a cursory inquiry with the District of Columbia, they would have been told about the Jails systemic failures, because they were well known for years. Even after months of reports of the conditions, the Jail did not visit until after a Congressional delegation brought the matter to the public.

At that point, the Marshals finally made the decision to inspect the Jail and issued its damning report and recommendation for the DOJ to investigate the conditions. Some January 6 defendants were transferred at that time as well, some of them after the Congressional visit but before the marshals inspection, strikingly similar to what has now happened to Mr. Burlew. It is unclear why the Jail was not immediately shut down, as any one of the Marshals' findings should have resulted in an immediate cease of operation and civil suit by the DOJ, if not criminal referral. As just one example, the Marshals reported that they observed that during their investigation and questioning of detainees, they observed Jail staff telling detainees to "stop snitching." It is hard to imagine how that is not a federal crime, yet nobody was held accountable.

It has now been three years, with at least 17 deaths in the last 17 months (it is unknown if there were additional deaths from June 7, 2024, until today) and the Marshals and the DOJ continue to countenance these same conditions. Now, for the second time, when Congress expresses interest, instead of an investigation, the detainee who aired his grievance to his elected official is being punitively retaliated against and transferred.

Therefore, the DOJ and the Marshals should not be the ones entrusted with investigating the Jail. The Court should order an independent investigation.

But regarding Mr. Burlew, the Court should Order the Marshals and the DOJ to immediately disclose his whereabouts and further Order the Marshals to deliver him home so that he can receive medical treatment and recover from this ordeal.

## CONCLUSION

For the foregoing reasons, Mr. Burlew respectfully requests that the Court grant Mr. Burlew's Motion for Release immediately.

Dated: September 11, 2024                    Respectfully submitted

/s/ Jonathan Gross
Jonathan Gross
2833 Smith Ave., Suite 331
Baltimore, MD 21209
(443) 813-0141
jonathansgross@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2024 the foregoing was served on all parties by CM/ECF.

/s/ Jonathan Gross