## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

BENJAMEN SCOTT BURLEW,

Defendant.

Case No. 21-CR-647-RDM

## GOVERNMENT'S OBJECTION TO
## DEFENDANT'S MOTION FOR REMOTE SENTENCING HEARING

Defendant Benjamen Burlew stands convicted of assaulting, impeding, or obstructing certain officers, in violation of 18 U.S.C. § 111(a)(1). His sentencing hearing is scheduled for January 22, 2025, and Burlew faces up to eight years of imprisonment, a term of supervised release of not more than three years, a fine up to $250,000, restitution, and a mandatory special assessment of $100. Burlew now seeks leave of Court to appear remotely at his sentencing hearing. *Motion for Remote Sentencing Hearing*, ECF No. 86. But the Federal Rules of Criminal Procedure require a defendant to be physically present at a felony sentencing hearing. As such, the Court should deny Burlew's request.

Federal Rule of Criminal Procedure 43(a)(3) states that a criminal defendant "must" be present at every stage of trial, including "at the imposition of sentence." Fed. R. Crim. P. 43(a)(3). Electronic "presence" by video conference at sentencing does not satisfy the requirements of Rule 43(a). *United States v. Kieffer*, 596 F. App'x 653, 661 (10th Cir. 2014) (noting that authorizing "video-conferencing at sentencing is not properly within the scope of a district court's discretion."); *United States v. Williams*, 641 F.3d 758, 764 (6th Cir. 2011) (concluding that the

1

court erred in conducting sentencing by video conference where defendant did not object and noting that "[t]he text of Rule 43 does not allow video conferencing. The structure of the Rule does not support it."); *United States v. Lawrence*, 248 F.3d 300, 301-305 (4th Cir. 2001) (finding that the term "presence" in Rule 43 means physical presence, and vacating a sentencing where the district court authorized the defendant to appear by video conference).

The voluntary waiver exception for sentencing hearings in noncapital cases in Rule 43(c)(1)(B) does not apply here. Rather, it applies where a defendant "voluntarily flees before sentence is imposed." Fed. R. Crim. P. 43 advisory committee's note to 1995 amendment.

Burlew notes that the government had no objection to the defendant appearing remotely for sentencing in *United States v. Epps*, 23-cr-321-JEB,[1] and has likewise agreed to virtual appearances in other sentencings. Those cases, however, involved misdemeanor convictions and Rule 43(b)(2) specifically authorizes "sentencing to occur by video teleconferencing" with the defendant's written consent in misdemeanor cases.

Burlew pled guilty to felony assault, in violation of 18 U.S.C. § 111(a)(1). Rule 43 requires his physical presence at sentencing. The Court should therefore deny his motion to appear by video conference.

---

[1] In *United States v. Epps*, 23-cr-321-JEB, Epps was convicted of a violation of 18 U.S.C. § 1752(a)(2), a Class A misdemeanor.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:    */s/ Anna Z. Krasinski*
ANNA Z. KRASINSKI
Assistant United States Attorney
New Hampshire Bar No. 276778
United States Attorney's Office
Detailed from the District of New Hampshire
(603) 451-7851
anna.krasinski@usdoj.gov

*/s/ Jennifer Leigh Blackwell*
Jennifer Leigh Blackwell
Assistant United States Attorney
D.C. Bar No. 481097
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 803-1590
jennifer.blackwell3@usdoj.gov

3